UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ARNOLD LEWIS,

                Plaintiff,

v.                                         Case No. 21-cv-232-pp

ANN YORK, RANDALL HEPP,
JOE FALKE, NURSE DOE
and DOE, Health Services Manager,

                Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND/CORRECT SCHEDULING ORDER (DKT. NO. 14), GRANTING PLAINTIFF'S REQUEST TO WITHDRAW MOTION FOR SANCTIONS (DKT. NO. 19), WITHDRAWING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 14) AND GRANTING PLAINTIFF'S MOTION TO IDENTIFY DOE DEFENDANTS (DKT. NO. 17)**

      Plaintiff James Arnold Lewis, who is incarcerated at the Kettle Moraine Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment deliberate indifference claim against defendants Nurse Ann York, Randall Hepp, Joe Falke, Nurse Doe and Doe Health Services Manager, based on allegations that the plaintiff has a compromised immune system and the defendants failed to move him from his cell after his cellmate tested positive for COVID-19. Dkt. No. 7 at 10. The named defendants filed an answer to the complaint, dkt. no. 11, and the court issued a scheduling order setting deadlines for the plaintiff to identify the Doe defendants and for the parties to complete discovery and filed motions for summary judgment, dkt. no. 12.

1

**I.  Plaintiff's Motion to Amend Scheduling Order and for Sanctions (Dkt. No. 14) and Request to Withdraw Motion for Sanctions (Dkt. No. 19)**

On December 8, 2022, the plaintiff filed a motion requesting that the court issue a new scheduling order and impose sanctions against the defendants. Dkt. No. 14. The plaintiff stated that on September 22, 2022, he sent a request for interrogatories and document production to the defendants, they did not timely respond within thirty days and on November 15, 2022, he sent them a letter informing them that their responses were untimely and that he would file a motion to compel and for sanctions. Id. at 1. The plaintiff asserted that two weeks later, he received a letter from defense counsel stating that they were working diligently to complete responses to his discovery requests and that they would try to mail the responses in the next two weeks. Id. at 2. The plaintiff stated that the defendants failed to meet the original thirty-day deadline and that they could not respond in time for him to timely identify the Doe defendants or complete discovery. Id. The plaintiff requested a new scheduling order to reflect the time of the expected receipt of the discovery from the defendants. Id. He also requested that the court sanction the defendants in the amount of $25 to cover his expenses in trying to obtain the discovery responses. Id.

The defendants filed a response in which they first contend that the plaintiff failed to timely submit discovery requests before the deadline to name the Doe defendants. Dkt. No. 15 at 1-2. The defendants point out that the plaintiff submitted his discovery request on September 26, 2022, that the scheduling order gave the parties *sixty days* (not thirty days, as alleged by the plaintiff) to respond to discovery requests and that the deadline to identify Doe defendants was October 24, 2022. Id. at 3. They state that the plaintiff was

required to serve his discovery requests sixty days ahead of the October 24, 2022 deadline to amend the complaint and that he did not do so. Id. The defendants also state that the plaintiff did not need to conduct discovery to identify the nurse Doe defendants because he could have asked to review his medical records at his convenience to learn the names of any nurses involved in his care. Id.

The defendants also contend that there is no evidence that they acted unreasonably or in bad faith by requesting a two-week extension (until December 12, 2022) to submit their discovery responses. Id. at 3-4. The defendants state that they have fully responded to the plaintiff's discovery requests and assert that the plaintiff suffered no prejudice from the requested extension because his discovery requests were not timely served before the deadline to name the Doe defendants. Id. at 4.

The defendants oppose the plaintiff's request for a new scheduling order. They contend that they would be prejudiced if the court were to allow further discovery and were to allow the plaintiff to add new defendants nearly two months after the October 24, 2022 deadline. Id. at 5. The defendants also argue that allowing extra time to identify the Doe defendants would be futile because there was no health services manager at Waupun during the relevant period and the plaintiff knew when he filed the complaint that Robert Weinman was filling in as supervisor in the health services unit during that time, but the plaintiff did not name Weinman as a defendant. Id. at 6. They also maintain that Lori Alsum, BHS nursing coordinator, helped when there was no acting health service manager, but that "there is no evidence that she had any personal involvement with Plaintiff's health service requests[.]" Id.

3

Case 2:21-cv-00232-PP   Filed 05/26/23   Page 3 of 7   Document 23

The plaintiff filed a reply, asking to withdraw his motion for sanctions; he explains that he mistakenly thought the defendants had thirty days to comply with his request, not sixty. Dkt. No. 19 at 1. The court will grant the plaintiff's request to withdraw his motion for sanctions.

The plaintiff also asserts that he did not know that Robert Weinman or Lori Alsum filled in for the health service manager, and that his medical record did not include that information. Id. at 2. The plaintiff cites to portions of his medical record that say that medical requests were forwarded to the health services unit manager, which would have been Weinman or Alsum. Id.; Dkt. No. 16-4 at 75-76 (Exhibit 1003 – Defendants' Discovery Responses). The plaintiff concludes that he does not need more time for discovery and that he has received the names of the Doe defendants (Robert Weinman and Lori Alsum); he asks the court to allow him to add Alsum and Weinman as the Does. Id. at 5.

## II. Plaintiff's Motion to Identify Doe Defendants (Dkt. No. 17)

A few days before the plaintiff filed his reply in support of his motion for a new scheduling order, he filed a "Motion to Identify John Doe," in which he seeks to identify the Doe Health Service Manager defendant(s) as Lori Alsum and Robert Weinman. Dkt. No. 17 at 1-2. He states that on September 22, 2022, he sent to the defendants his first set of interrogatories, which included a request to identify the health services manager from October 1, 2020 through November 30, 2020. Id. at 1. On December 12, 2022, he received a response to his discovery request which stated that the position was vacant at that time. Id. at 2. The plaintiff states that the discovery responses he received included documents that referred to the health services unit manager during the relevant time, and that on December 13, 2022, he sent the defendants a

4

second request for interrogatories which sought the names related to these entries. Id. The defendants responded that the plaintiff's request was untimely, but they provided the names of the BHS Nursing Coordinator Lori Alsum and RN Robert Weinman, who assisted during this period. Id. The plaintiff asks the court to allow him to substitute Alsum and Weinman for the Doe defendants.

The defendants oppose the plaintiff's motion. Dkt. No. 18. As they stated in their response to the plaintiff's motion to amend the scheduling order, they contend that the court should deny the plaintiff's motion because it is untimely, prejudicial and futile. Id. at 1.

The court's scheduling order set a deadline of October 24, 2022 by which the plaintiff must identify the Doe defendants. Dkt. No. 12. The plaintiff did not timely identify the Doe defendants and on December 8, 2022, he filed his motion to amend the scheduling order deadlines so that he could identify them.

The court may, for good cause, extend the time to act within a specified time, on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In determining whether there was "excusable neglect," the court should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay and reason for delay. Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting Pioneer, 507 U.S. at 395).

The plaintiff requested discovery from the defendants to try to identify the Doe defendants and he subsequently moved to extend the deadline to

5

identify the Does. The plaintiff erroneously thought the defendants had thirty days to respond to his discovery requests; while the Federal Rules of Civil Procedure allow for thirty days, the court's scheduling order permitted the parties sixty days to respond to discovery requests. Under the circumstances, the plaintiff's belief that the defendants had thirty days to respond to his discovery requests was not entirely unreasonable. It will not be prejudicial to the defendants to allow the plaintiff to identify the Doe defendants because the court previously granted their motion to reset the dispositive motion deadline, dkt. no. 22, and this order sets a new deadline for the parties to file motions for summary judgment on the merits. Finally, the court cannot conclude that it would be futile to extend the deadline because, as explained above, while there was not an active health services manager during the relevant time, the defendants' discovery responses show that Weinman and Alsum filled in for that position. The court will grant the plaintiff's motion to identify the Doe defendants.

### III. Conclusion

The court **GRANTS IN PART** the plaintiff's motion to amend/correct scheduling order. Dkt. No. 14. The court **ORDERS** that the deadline for the parties to file motions for summary judgment on the merits is **EXTENDED** until the end of the day on **July 21, 2023**.

The court **GRANTS** the plaintiff's request to withdraw motion for sanctions. Dkt. No. 19.

The court **ORDERS** that the plaintiff's motion for sanctions is **WITHDRAWN**. Dkt. No 14.

The court **GRANTS** the plaintiff's motion to identify Doe defendants. Dkt. No. 17. The court **DIRECTS** the clerk of court to **SUBSTITUTE** Lori Alsum and Robert Weinman for Doe, Health Services Manager.

The court **DISMISSES** defendant Nurse Doe.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Lori Alsum and Robert Weinman. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

Dated in Milwaukee, Wisconsin this 26th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**